IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MICHAEL T. TABOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:12-mc-13 (MTT) |
| | ) | |
| JULIE NOEL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

This matter is before the Court on the Plaintiff's Motion for an Order to Compel

Post-Judgment Discovery and to Impose Sanctions.  (Doc. 4).  On September 11, 2012,

this Court issued a Writ of Execution against the Defendant pursuant to a default

judgment registered in this district.  (Doc. 2).  On November 8, the Plaintiff served post-

judgment interrogatories and a request for production of documents upon the

Defendant.  As of the date of this Order, the Defendant has not responded to the post-

judgment discovery requests nor has she responded to the Plaintiff's good-faith

discovery letter dated December 17.  In his Motion, the Plaintiff requests an Order from

the Court compelling the Defendant to respond to the Plaintiff's post-judgment

discovery.  Additionally, the Plaintiff requests that the Defendant be required to pay the

reasonable attorney's fees incurred in obtaining this order in the amount of $500.00.

Pursuant to Fed. R. Civ. P. 69(a)(2), "the judgment creditor … may obtain

discovery from any person—including the judgment debtor—as provided in these rules

or by the procedure of the state where the court is located."  Under both federal and

Georgia civil procedure, the Plaintiff may engage in post-judgment discovery by propounding interrogatories and requesting the production of documents.  Fed. R. Civ. P. 33 & 34; O.C.G.A. § 9-11-69.  The information requested here is relevant to the collection of the debt, and the Plaintiff has complied with Rule 37(a)(1) by certifying that he has attempted to confer with the Defendant prior to obtaining discovery through court action.

Rule 37 provides that when a motion to compel is granted and the delinquent party is afforded an opportunity to be heard, the court must require the delinquent party to pay the movant's reasonable expenses incurred in obtaining the order, unless: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).   Here, the Plaintiff made several attempts in good faith to obtain the discovery without court action, and there is no indication that the Defendant's failure to respond was substantially justified or that an award of expenses would be unjust.

Accordingly, the Plaintiff's Motion (Doc. 4) is **GRANTED**, and the Court **ORDERS** that the Defendant shall respond to the post-judgment discovery within **10 days** from the date of service of the Court's Order upon the Defendant.  Further, the Defendant shall pay the Plaintiff for his attorney's fees and costs in having to bring this Motion in the amount of $500.00, and that payment shall be made to the Plaintiff within **30 days** from the date of service of the Court's Order upon the Defendant.

-3-

**SO ORDERED**, this the 7th day of May, 2013.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT